UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BOBBY R. WILLIAMS,<br><br>                              Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | Case No. 13-CV-546-JPS<br>(Case No. 08-CR-302-8-JPS)<br><br><br><br>ORDER |

As the Court has previously recounted, Mr. Williams has been regularly corresponding with the Court since the Seventh Circuit dismissed Mr. Williams' appeal from the 120-month sentence the Court imposed upon him. (Docket #15 (citing Docket #1, #2, #4, #5, #6, #8, #9, #10, #11, #13 (all docketed at separate numbers in the corresponding criminal case))). The Court deemed one of Mr. Williams' letters to be a request for relief pursuant to 28 U.S.C. § 2255. (Docket #3 (interpreting Docket #1 to be a § 2255 request for relief)). In that petition, Mr. Williams requested that he be permitted to withdraw his plea due to: (1) his trial counsel's ineffectiveness, having allegedly told Mr. Williams that Mr. Williams would likely receive a sentence of imprisonment of 60 months; (2) the Court's allegedly incorrect determination that Mr. Williams is a career offender; and (3) the Court's alleged abuse of discretion in imposing a sentence greater than the 60- month mandatory minimum. (Docket #1).

The Court ordered briefing on the matter, and the government promptly filed a response. (Docket #7). Mr. Williams then filed a reply brief, in which he asserted new ineffective assistance of appellate counsel

arguments. (Docket #13). The Court ordered that the government respond to those new assertions (Docket #15), and the government did so (Docket #16).

All of the issues are now fully briefed and ready for decision. For the reasons below, the Court will deny Mr. Williams' request for relief.

Turning first to Mr. Williams' claim of ineffective assistance of counsel, the Court finds that Mr. Williams cannot meet his burden to establish such claim. To succeed on an ineffective assistance of counsel claim, a defendant must establish that his attorney's performance was objectively unreasonable and that such unreasonable performance prejudiced the defendant's defense. *Strickland v. Washington*, 466 U.S. 2, 694 (1984).

Even assuming that Mr. Williams' trial and appellate counsel acted unreasonably—which the Court does not believe to be the case—Mr. Williams still cannot satisfy the latter of the two ineffective assistance prongs. In order to establish prejudice, so as to satisfy the latter prong, Mr. Williams would need to show that he would not have pleaded guilty and instead would have gone to trial, had his trial counsel not provided ineffective assistance. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *United States v. Wyatt*, 574 F.3d 455, 458 (7th Cir. 2009); *United States v. Tezak*, 256 F.3d 702, 711 (7th Cir. 2001).

Here, Mr. Williams argues that he would not have entered a guilty plea if he had known that he might be sentenced as a career offender; the record, however, establishes otherwise. At his plea colloquy, Mr. Williams stated that he had reviewed the plea agreement with his attorney; that plea agreement noted that Mr. Williams still may be deemed a career offender and that such a finding would not provide him a basis for withdrawal of his

guilty plea. (*See, e.g.*, #238, at ¶¶ 14, 18, 21; Docket #532, at 8). As Mr. Williams informed the Court at the plea colloquy, he was not under the impression that he had some other agreement that he would not be sentenced as a career offender. (Docket #532, at 8–9). Indeed, he informed the Court that he understood he may be sentenced to up to forty years in prison and also that the Court was not bound by the assessments of his counsel or the government. (Docket #532, at 10, 13).

Given all of this evidence, the Court must conclude that Mr. Williams chose to plead guilty knowing very well that he may have been sentenced as a career offender and receive a sentence of more than 60 months; thus, the Court is obliged to find that Mr. Williams has not shown that he would have gone to trial absent his counsel's alleged ineffective assistance. Accordingly, Mr. Williams cannot succeed on his claim of ineffective assistance of counsel, particularly given his failure to produce objective evidence beyond his self-serving claims. *See, e.g.*, *Hill*, 474 U.S. at 59; *Wyatt*, 574 F.3d at 458; *Tezak*, 256 F.3d at 711.

Knowing that, the Court is similarly obliged to conclude that Mr. Williams' appellate counsel was not ineffective in filing an *Anders* brief, given his responsibility to notify the Seventh Circuit of Mr. Williams' frivolous claim on appeal. *See, e.g.*, *McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 (1988); *United States v. Barnes*, 83 F.3d 934, 940 (7th Cir. 1996) (finding that a "mere inaccurate prediction" of a sentence, standing alone, does not establish ineffective assistance of counsel) (citing *United States v. Arvanitis*, 902 F.2d 489, 494 (7th Cir. 1990); *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986)).

Similarly, Mr. Williams' newer argument that his attorney should have requested a 30-month sentence reduction also fails. To begin, Mr. Williams, himself, raised the issue, and the Court declined to acquiesce in his request. (Docket #494, at 2). Moreover, the Court ultimately granted the government's motion for a downward departure and imposed a sentence below the guideline range that was to run *concurrent* to the state sentence Mr. Williams was already serving. (Docket #494, at 2). For all of these reasons, it would have made practically no difference if Mr. Williams' counsel had raised the issue. The result would have been the same; and, therefore, the Court cannot conclude that there was any prejudice to Mr. Williams that would have satisfied the *Strickland* standard. 460 U.S. at 694. For the same reason, this argument would have failed on appeal and, accordingly, it was not ineffective assistance of appellate counsel for Mr. Williams' attorney to have failed to raise it at that level.

For these reasons, the Court is obliged to deny all of Mr. Williams' claims for § 2255 relief pursuant to what he alleges was ineffective assistance of both trial and appellate counsel.

Additionally, Mr. Williams' second claim for relief, in which he asserts that the Court's career offender determination was in error, must also fail. To begin, as the government correctly asserts, the issue of misapplication of the guidelines does not implicate a constitutional error, and Mr. Williams also failed to raise the issue on direct appeal; accordingly, this claim is not subject to § 2255 collateral review. (Docket #7, at 6–7 (citing *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001)); *Martin v. United States*, 109 F.3d 1177, 1178 (7th Cir. 1996)). However, even under review, the Court would still not find

error because Mr. Williams' sentence of imprisonment from his 1992 drug conviction fell within the fifteen year period to be counted towards his career offender status; therefore, the Court's career offender designation was not in error. U.S.S.G. § 4A1.2(e)(1); (*see United States v. Williams*, Case No. 08-CR-302-8-JPS, Docket #533, at 5–6). Accordingly, not being subject to collateral review and also being without merit, this claim for relief must fail.

Mr. Williams' final claim for relief, in which he asserts that the Court abused its discretion by imposing a sentence above sixty months, is also without merit and, therefore, fails. As with Mr. Williams' claim for relief on the issue of the Court's career offender determination, Mr. Williams failed to raise this claim on direct appeal, making it non-reviewable under § 2255. *Martin*, 109 F.3d at 1178. Again, aside from its non-reviewability, the claim fails on its merits. Here, the Court gave meaningful consideration to the sentencing factors found in § 3553(a), even imposing a sentence below the applicable guidelines range, which is presumed to be reasonable. *United States v. Lidell*, 543 F.3d 877, 885 (7th Cir. 2008); (*see Williams*, Case No. 08-CR-302-8-JPS, Docket #533). Therefore, the Court must also hold that this claim for relief fails.

Having concluded that each of the claims contained in Mr. Williams' § 2255 petition for relief must fail, the Court is now obliged to deny Mr. Williams' petition. Likewise, there is no need for a further evidentiary hearing on any of these issues because it is entirely clear from the record that Mr. Williams is not entitled to relief, but is simply speculating that he would have acted differently at the change of plea stage below, which is not an appropriate basis to hold an evidentiary hearing. *See, e.g.*, *Kafo v. United*

*States*, 467 F.3d 1063, 1067 (7th Cir. 2006); *Miller v. United States*, 183 Fed. Appx. 571, 578 (7th Cir. 2006).

Finally, the Court notes that, during the pendency of this matter, Mr. Williams has sent several letters and requests complaining about the location of his confinement. (Docket #6, #8). As to that issue, the Court requested information from the probation department and the Bureau of Prisons, and was informed that there is no standard practice to keep a § 2255 prisoner confined in a single location during the pendency of filing brief; the Court does not want to interfere with the prerogatives of the Bureau of Prisons with regard to the matters of inmate classification or placement and, therefore, has not ordered that Mr. Williams' transfer be stayed. Accordingly, the Court will deny Mr. Williams' request for a stay of transfer.

Accordingly,

IT IS ORDERED that Mr. Williams' petition for relief (Docket #1) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that Mr. Williams' motion for an order staying his transfer (Docket #6) be and the same is hereby DENIED as moot.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 6 of 6

Case 2:13-cv-00546-JPS    Filed 05/21/13    Page 6 of 6    Document 17